UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

BEATRIZ CRUZ,                                    Case No. 14-37397-JKO
                                                 Chapter 7
     Debtor(s).
_____/

### OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION AND ALTERNATIVELY MOTION TO COMPEL SURRENDER OF REAL PROPERTY, AND MOTION FOR TURNOVER

Kenneth A. Welt, the chapter 7 trustee (the *"Trustee"*) for the bankruptcy estate (the *"Estate"*) of Beatriz Cruz (the *"Debtor"*) objects to the Debtor's claim of exemption, and states:

**A. Background**

1. On December 16, 2014, the Debtor filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Florida.

2. The Section 341 Meeting of Creditors was held and concluded on January 21, 2015.

3. In the Debtors' bankruptcy schedules [ECF No. 1], the Debtor claims the following property as exempt:

> 5701 SW 128th Ave SW Ranches, FL 33330
> Debtor's Homestead: Single family residence
> Purchased: August 2003
> In foreclosure
> To Be Reaffirmed if Mortgage Modification is Approved
> FMV Based on Zillow.com

(the *"Real Property"*)

4. The Real Property is in a municipality.

5. The Debtor lists the Real Property as exempt pursuant to Article X, § 4(a)(1) of the Florida Constitution and §§ 222.01 & 222.02 of the Florida Statutes.

6. In the Debtor's Statement of Financial Affairs, the Debtor elected to retain the Real Property, but did not elect to redeem or reaffirm. Instead, the Debtor checked the "Other" box, and states that it is "To Be Reaffirmed if Mortgage Modification is Approved." At the §341 Meeting, the Debtor declined to elect to select redemption or reaffirmation.

B. **Objection to Exemption**

7. Article X, § 4(a)(1) of the Florida Constitution provides:

> (a) There shall be exempt . . . the following property owned by a natural person: (1) a homestead, if located outside a municipality, to the extent of one hundred and sixty acres of contiguous land and improvements thereon, ... or if located within a municipality, to the extent of one-half acre of contiguous land upon which the exemption shall be limited to the residence of the owner or his family. . . .

8. Sections 222.01 & 222.02 of the Florida Statutes merely articulate the procedure for designation of a homestead.

9. Accordingly, the Debtor cannot exempt greater than one-half acre. The Real Property comprises 1.2 acres, and thus, the Debtor is overexempt.

10. Because of its size excess, pursuant to *In re Baxt*, 188 B.R. 322, 324 (Bankr. S.D. Fla. 1995), the Real Property may be administered by the Trustee, and the allocation of the proceeds is to be determined following the administration by the Trustee. Since the Real Property is underwater, the Trustee will attempt to sell the Real Property subject to an agreed surcharge for the benefit of the Estate. Since a surcharge is not Estate property, it is not subject to the chapter 7 distribution scheme. *In re Nuclear Imaging Sys., Inc.,* 270 B.R. 365 (Bankr. E.D.

Pa. 2001). Since the Real Property is subject to administration, it must be turned over to the Trustee under 11 U.S.C. § 542.

11. Additionally, because the Real Property is underwater, the Debtor's interest in the Real Property is valueless. Thus, the Debtor's exemption has no value. Pursuant to *Schwab v. Reilly*, 560 U.S. 770 (2010), the Debtor is entitled only to payment of the value of her exemption. As her exemption has no value, the Debtor is not entitled to any proceeds of the sale, should one occur.

C. **Motion to Compel Surrender**

12. Pursuant to 11 U.S.C. § 521(a)(2)(A), "if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate," then

> within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property. . .

13. "In this circuit, a chapter 7 debtor has only three options with respect to property subject to a lien or mortgage: (1) surrender the property; (2) redeem the property; or (3) reaffirm the debt." *In re Steinberg*, 447 B.R. 355, 357 (Bankr. S.D. Fla. 2011). There is no ride-through option. *Id.* "Section 521 mandates that a debtor who intends to retain secured property must specify an intention to redeem or reaffirm." *Taylor v. AGE Federal Credit Union (In re Taylor)*, 3 F.3d 1512, 1517 (11th Cir.1993). The Debtor has refused to do so.

14. Pursuant to 11 U.S.C. § 704(a)(3), it is the Trustee's duty to ensure the Debtor complies with §521(a)(2). The word "surrender" is not defined in the Bankruptcy Code, but courts generally agree that surrender generally means that the debtor relinquishes his/her rights to the collateral. *See, e.g., In re Cornejo,* 342 B.R. 834, 836 (Bankr. M.D. Fla. 2005).

15. But the Trustee succeeds to all legal and equitable rights of the debtor. 11 U.S.C. § 541. It cannot mean that if the Debtor chooses to surrender, that such surrender is to the detriment of the estate. Instead, the better view is that upon surrender, the Trustee may administer the property if it has value to the Estate, or if burdensome, abandon the same pursuant 11 U.S.C. § 554. Here, the Trustee believes he can sell the Real Property with an agreed surcharge (as lenders have become willing to do) for the benefit of the secured creditors, the Estate, and the unsecured creditor body. Accordingly, the Court should hold that the Real Property should be surrendered to the Trustee.

WHEREFORE, the Trustee respectfully requests this Court to enter an order: (a) denying homestead exemption; (b) directing the Debtor to turn over the Real Property; and (c) granting such other and further relief as the Court deems just and proper.

Dated: January 30, 2015.

s/ Lawrence E. Pecan
Lawrence E. Pecan, III, Esquire
Florida Bar No. 99086
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for the Trustee*